UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RANDY E. THOMAS | Case No. 1:06-cr-00008-JMS-DML-02<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:06-cr-00008-JMS-DML ) |
| RANDY E. THOMAS, | ) -02 ) |
| Defendant. | ) |

## ORDER

Defendant Randy E. Thomas seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Thomas's motion is **denied**.

### I. Background

In 2007, Mr. Thomas pled guilty to one count of conspiracy to distribute a controlled substance, two counts of selling, distributing, or dispensing a controlled substance, and one count of unlawful transport of firearms. Dkt. 1. The Court sentenced him to 240 months of imprisonment and 10 years of supervised release. *Id.*

Mr. Thomas initially filed his motion for compassionate release pro se. Dkts. 114, 115. The Court appointed counsel, dkt. 116, and appointed counsel filed a brief in support of Mr. Thomas's motion, dkt. 130. In his submissions, Mr. Thomas argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (type II diabetes, hypertension, obesity, stage three chronic kidney disease, proteinuria, chronic venous hypertension, retinopathy and hyperlipidemia). Dkt. 130. Mr. Thomas also argues that due to his conditions, his ability to provide self-care in prison is limited. He further argues that he is unable to obtain the medical care he needs in BOP custody. Finally, Mr. Thompson argues that, due to changes in the First Step Act, if he were

2

sentenced today, he would likely receive a shorter sentence. The United States filed a brief in opposition to the motion, dkt. 136, and Mr. Thomas did not file a reply. Thus, the motion is now ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Thomas's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Thomas is fully vaccinated, dkt. 130 at 8, and he has presented no evidence that he is unable to receive or benefit from the vaccine.[1] Additionally, Mr. Thomas "has not

---

[1] Mr. Thomas cites to a source stating that "While the effectiveness rates of COVID-19 vaccines are very good, we now know that people who are on immunosuppression medications for the treatment of advanced kidney disease and kidney transplant recipients, may not receive the same level of protection, also known as antibody

3

presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). As a result, Mr. Thomas has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Mr. Thomas also has not shown that his medical conditions are an extraordinary and compelling reason to grant him compassionate release, whether considered alone or in conjunction with any other reason. Mr. Thomas argues that his conditions "make it difficult for him to navigate the prison environment," but he does not provide specifics about his limitations. He also does not argue that he is incapacitated or otherwise unable to meaningfully provide self-care. Dkt. 130. Mr. Thomas's chronic kidney disease has improved from Stage 4 to Stage 3b, and while he argues that it may potentially get worse in the future, that mere possibility of future illness does not establish an extraordinary and compelling reason to grant release now. Moreover, to the extent Mr. Thomas alleges that he is not receiving what he believes to be proper treatment for his medical conditions or has any other issues with his treatment by prison officials, such allegations might form the basis for relief in a civil suit filed in Mr. Thomas's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL

---

immunity, from the COVID-19 vaccine as people who are not on immunosuppressive medication." Dkt. 130 at n.8 (citing https://www.kidney.org/coronavirus/vaccines-kidney-disease (last visited Sept. 12, 2022)). Even accepting this premise as true, Mr. Thomas has not argued that he is in fact on any such immunosuppressive medication that may reduce the vaccine's effectiveness for him.

4

2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

Finally, Mr. Thomas's argument about the sentencing disparity between the sentence he received and the sentence he might receive if he was sentenced today is without merit. As recently summarized by the Seventh Circuit, "When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions…There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255. *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up).

Given the determination that Mr. Thomas has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Thomas's motion for compassionate release, dkt. [114], is **denied.**

**IT IS SO ORDERED.**

Date: 9/14/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel